**United States Bankruptcy Court**
**District of New Jersey**
**Mitchell H. Cohen U.S. Courthouse**
**P.O. Box 2067**
**Camden, New Jersey 08101-2067**

JUDITH H. WIZMUR                                                                                                (856) 757-5126
CHIEF BANKRUPTCY JUDGE

February 1, 2006

Rex J. Roldan, Esq.
Washington Professional Campus
900 Route 168, Suite I-4
Turnersville, New Jersey 08012

Neil I. Sternstein, Esq.
Five Aberdeen Place
Woodbury, New Jersey 08096

    Re:   Robin Rodney Trout
           Case No. 05-19591/JHW
           **LETTER OPINION**

> **FILED**
> JAMES J. WALDRON, CLERK
> February 1, 2006
> U.S. BANKRUPTCY COURT
> CAMDEN, N.J.
> BY: _Terry O'Brien, Jud. Asst. to
> Chief Judge Wizmur

Dear Counsel:

At issue here is whether a pre-petition state court order directing the debtor to pay certain sums to his former spouse from his 401K plan gave rise to a constructive trust against the plan which may be enforced in this proceeding. For the reasons that follow, I conclude that a constructive trust was imposed, and may be effected.

Robin Rodney Trout and Desiree A. Trout were married on April 23, 1988. They had two children: Cassandra, born on January 25, 1991 and Tina, born on March 2, 1996. Robin Trout filed for divorce in the New Jersey Superior Court, Law Division, Family Part, in Salem County on June 17, 2003, and Desiree Trout responded with a counterclaim for divorce. On October 30, 2003, Judge Harold U. Johnson, Jr. entered a decision granting the divorce and

1

determining equitable distribution.  The dual judgment of divorce was entered on December 1, 2003.  In attempting to balance the marital assets, the family court determined that:

> The husband's $78,325.00 of assets, less the wife's $22,200.00 of assets illustrate that the husband benefits from a difference in the value of his portion of these assets as compared to those of Mrs. Trout in the amount of $56,125.00.  To equalize these assets, the husband must transfer to the wife the amount of $28,062.00.  This amount would come from the husband's 401K.  Accordingly, reducing the husband's $78,325.00 by $28,062.00, and adding this $28,062.00 to the wife's share of $22,200.00, gives each party equal shares of approximately $50,263.00.
>
> But, the Court hereby orders, . . . that the second mortgage on the marital home be borne equally by the parties.  Therefore, the Court orders first that Mr. Trout withdraw a sufficient amount from his 401K to pay off the second mortgage on the marital home.  Once this is accomplished, a calculation shall be completed determining one half of the total amount necessary to do this, . . .and this amount shall be reduced from the wife's "equalization" figure of $28,062.00.  This figure, the equalization figure of $28,062.00 less one half of the total amount necessary to payoff the mortgage plus penalties for a withdraw from the husband's 401K, shall then be transferred by the husband from his 401K to the wife by way of a Qualified Domestic Relations Order.

J.Johnson Decision at 7-8.  On October 22, 2004, the Appellate Division affirmed this decision on appeal.

Robin Rodney Trout filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 28, 2005.  The debtor scheduled an interest in real property located at 355 Erie Ave., Carney's Point, New Jersey with a value of $89,500.00.  He notes on his petition that this property is "now the property of Desiree Trout by judgment of divorce."  On Schedule D, he lists Countrywide

Home Loans as the first mortgagee on this property with a claim in the amount of $111,624.00. He also lists Desiree Trout as a secured creditor holding a judgment lien in the amount of $28,062.00. Ms. Trout filed an unsecured priority claim in the amount of $36,517.53, characterizing her claim as being for "Maint. & support of former spouse & children."

In his Chapter 13 plan, the debtor proposed to contribute $325.00 per month for 36 months to satisfy his priority claims (attorney fees and tax claims) and provide for a pro rata distribution to general unsecured creditors with any remaining funds. He listed Ms. Trout as holding a claim in the amount of $28,062.00, stated she held only an interest in the property in the amount of $11,697.00, and proposed to cram down her interest to $3,436.30, paying it over the course of the plan with no interest. Confirmation was scheduled for August 24, 2005. On August 18, 2005, Desiree Trout filed an objection to the debtor's plan.

On October 11, 2005, the debtor filed a motion objecting to Desiree Trout's claims, contending that Ms. Trout was not a priority creditor and that she merely held a monetary judgment and not a judgment for alimony, maintenance or support.

Hearings were held on December 19 and December 21, 2005. Based on the opinion of Judge Johnson, Judge of the Superior Court of New Jersey, and the affirmance of the Superior Court, Appellate Division, it was determined that the claim held by Ms. Trout did not constitute alimony, maintenance or support. The question of whether or not Judge Johnson's order imposed a constructive trust in Ms. Trout's favor was reserved pending receipt of subsequent submissions.

Ms. Trout seeks here a determination that a constructive trust has in fact arisen to protect her interest.  She claims that the debtor's failure to pay over the equitable distribution award and to resort to bankruptcy has allowed him to unjustly enrich himself at her expense.  She contends that upon the entry of the final judgment of divorce, the debtor merely held bare legal title to the $28,062.00 portion of his 401K.  The debtor disagrees that a constructive trust protects Ms. Trout's claim.  He asserts that the judgment does not specifically provide that his wife holds an identifiable interest in his 401K, either by percentage or amount.  Instead, the amount was contingent upon the liquidation of other debts and the payment of penalties.  He contends that the "order did not transfer the debtor's 401k, or an identifiable part to the creditor, rather, it sought liquidation of marital debt, and left the resolution of any other interest the creditor might have to a later date."

Under New Jersey law, a constructive trust may be impressed in any case where failure to do so will result in an unjust enrichment. <u>Stewart v. Harris Structural Steel Co.</u>, 198 N.J. Super. 255, 265 (App. Div. 1984) (citing <u>D'Ippolito v. Castoro</u>, 51 N.J. 584, 588 (1968)).  Unjust enrichment "occurs when [an individual] retains money or benefits which in justice and equity belong to another." <u>In re First Interregional Advisors Corp.</u>, 218 B.R. 722 (Bankr. D.N.J. 1997) (citing BLACK'S LAW DICTIONARY 1535 (6TH ED. 1990). "Generally all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence, or breach of a confidential relationship, which has resulted in a transfer of property." <u>D'Ippolito</u>, 51 N.J. at 589.  <u>See</u> also <u>In re First Interregional Advisors Corp.</u>, 218 B.R. 722 (Bankr. D.N.J. 1997); <u>In re DeLauro</u>, 207 B.R. 412, 415 (Bankr. D.N.J. 1997); <u>In re American Int'l Airways, Inc.</u>, 44 B.R. 143, 146

(Bankr. E.D.Pa. 1984) (interpreting New Jersey law).

A constructive trust has been described as "the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Carr v. Carr, 120 N.J. 336, 351 (1990) (quoting Beatty v. Guggenheim Exploration Co., 122 N.E. 378, 380 (N.Y. 1919)). See also In re DeLauro, 207 B.R. at 415 ("the essential purpose of a constructive trust" is to avoid unjust enrichment); Delaware Truck Sales, Inc. v. Wilson, 131 N.J. 20, 45 (1993) (J. Pollock concurring). The use of constructive trusts in the context of divorce, equitable distribution and bankruptcy is not new.

In DeLauro, a husband and wife entered into a property settlement agreement, which was incorporated into their final divorce judgment. 207 B.R. at 413. The agreement provided for the transfer of certain property from the husband to the wife. The husband filed a bankruptcy petition before he transferred the property. Id. at 414. The court held that the property was not property of the estate under section 541(d) because the debtor had no equitable interest in the property at the time that he filed his bankruptcy petition, but only held bare legal title to the property to be transferred. Id. at 416. The court concluded that the property was protected by a constructive trust, which was effected upon the execution of the property settlement agreement and upon the incorporation of the settlement agreement into the divorce judgment. Id. See also McCarthy v. McCarthy, 319 N.J. Super. 138 (App. Div. 1999).[1]

---

[1] In In re Lawrence, 237 B.R. 61, 82 (Bankr. D.N.J. 1999), the court distinguished DeLauro, in which the property settlement agreement and divorce decree were entered pre-petition, and a case in which there is no

In Evans, the Superior Court of New Jersey, Chancery Division/Family Part, was asked to address the impact of a bankruptcy petition and discharge on a prepetition judgment of divorce that provided for the equitable distribution of a 401K plan. Evans v. Evans, 347 N.J. Super. 139 (Ch. Div. 2001). The court concluded that the ex-wife's interest was not discharged by the husband's bankruptcy and that it would be unjust to allow him to exempt his own interest in the 401K plan without any obligation to turn over her share. Because the judgment was entered into pre-petition, the court determined that the ex-wife's share constituted a constructive trust against the husband's 401K plan, and was not part of the bankruptcy estate.

In this case, as in DeLauro and Evans, the judgment of divorce was entered into prior to the debtor's bankruptcy filing. The court clearly identified the source of the funds for the equitable distribution, and directed the husband to turn over the funds, subject to some final calculations. This decision was upheld on appeal. At that point, the debtor held nothing more than bare legal title for his ex-wife. Equity demands the imposition of a constructive trust in this case to protect the wife's interest and to prevent the unjust enrichment of the debtor.

Ms. Trout's counsel shall submit an order in conformance with this decision.

---

settlement agreement and no equitable distribution award or divorce decree entered prior to the commencement of the bankruptcy case. The Lawrence court relied on the Sixth Circuit's holding in In re Omegas Group, Inc., that a claim filed in a bankruptcy court claiming rights to assets "held" in "constructive trust" is nothing more than a claim, unless a court has impressed a constructive trust on the assets or there is a statutory right to a constructive trust as to those assets. Id. at 81.

                                                           Very truly yours,

                                                           JUDITH H. WIZMUR
                                                           CHIEF JUDGE
                                                           U.S. BANKRUPTCY JUDGE

JHW:tob